[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 5, 2008
THOMAS K. KAHN
CLERK

No. 06-16048

D. C. Docket No. 05-00034 CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD J. DEVERSO,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

**(March 5, 2008)**

Before DUBINA and KRAVITCH, Circuit Judges, and GOLDBERG,* Judge.

DUBINA, Circuit Judge:

---

*Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

Appellant Donald J. Deverso ("Deverso") appeals his convictions for possessing materials involving a depiction of a minor engaged in sexually explicit activity, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count One); transporting materials involving a depiction of a minor engaged in sexually explicit activity, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1) (Count Two);[1] and using a minor to engage in sexually explicit conduct outside of the United States for the purpose of producing a visual depiction of such conduct and transporting that visual depiction into the United States, in violation of 18 U.S.C. § 2251(c)(2)(B) and (e) (Count Three). Deverso's appeal presents three issues for review, two of which present novel questions concerning the authenticity of foreign public documents under Federal Rule of Evidence 902(3) and a mistake of age defense under 18 U.S.C. § 2251(c). After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that the Government properly authenticated the foreign document it admitted into evidence, and Count Three does not contain a scienter element as to age. Accordingly, we affirm Deverso's convictions.

## I. BACKGROUND

---

[1]Deverso does not have a challenge with regard to the scienter instruction on Count Two because the district court gave a scienter jury instruction on this count. (R. Vol. 8, p. 709-10.)

2

The Government presented the following evidence at trial. In 2004, the Department of Homeland Security ("DHS") received information regarding Deverso's foreign travel and began investigating him for possessing child pornography and traveling abroad to engage in sex with minors. DHS investigators interviewed Deverso's wife, Zong Yu Deverso ("Mrs. Deverso"). Mrs. Deverso turned over to investigators various computer media and printouts that she surreptitiously obtained from Deverso. Deverso was in some of the pictures that depicted young girls in various stages of undress. Investigators discovered that one of the girls in the pictures was Beverly Datanagan ("Beverly").

During a subsequent search of Deverso's residence pursuant to a valid search warrant, investigators found compact and floppy disks, computer components, and a computer. Deverso originally set up his computer in a small room or closet that the family used for a nursery. It was the only computer with internet access, and Deverso's account was the only account that was password protected. Investigators reviewed the compact disks seized from Deverso's residence and discovered two disks, entitled MM Texas and Asians 7, that contained child pornography. One of the investigators testified that he had seen some of the images on the compact disks in other child pornography investigations.

One of Deverso's fellow inmates, Michael Lewis ("Lewis"), testified that Deverso admitted that he had been involved with two underage girls in Manila, Philippines, during his relationship with his "fiancee" Beverly. Lewis also stated that Deverso admitted that the disks belonged to him but that he intended to shift the blame to his son, who was living with Deverso at the time of the search. Lewis testified that Deverso commented to him "that we all have a little pedophile in us." (R. Vol. 6, p. 429.)

Investigators also testified that they found Beverly's name on the back of one of the digital images and discovered romantic email chats between Deverso and Beverly. Under Deverso's account and in a folder titled Bev, investigators found pictures of Beverly, some of which were sexually explicit. Deverso allegedly took these pictures between October 15 and 17, 2004.

Dante Orate ("Orate"), Special Agent with DHS in Manila, testified that he personally met with Beverly after authorities helped him locate her. Beverly brought a birth certificate for Orate to review. Orate requested a copy of the birth certificate from the National Census and Statistics Office and had it certified at the U.S. Embassy. Orate stated that the copy of the birth certificate was exactly the same as the birth certificate Beverly showed him at their meeting. The date of birth on the copy of the birth certificate was November 10, 1986. The

4

Government proffered the document as evidence that Beverly was a minor at the time Deverso had sex with her, and Deverso objected on the grounds that the document was an incomplete document because it did not have a signature under the heading "Certificate of Attendant at Birth." (R. Vol. 6, p. 322.)

Beverly testified that her date of birth was November 10, 1986, and she was 17 when she met Deverso in October 2004. She stated that she had sex with Deverso when she was 17, and she told Deverso that she was 17. She also testified that Deverso sent her money for her 18th birthday.

After the Government concluded its case-in-chief, Deverso moved for judgments of acquittal on all counts and moved for dismissal of Count Two, arguing that it was unconstitutional facially and as-applied. The district court denied the motions.

Deverso took the stand and denied having sex with Beverly in October 2004. Deverso also stated that Beverly did not tell him that she was 17; instead, Beverly represented herself to be 18 or 19. Deverso testified that the hotel clerk did not inquire about Beverly's age when they registered, and no one questioned her age when they purchased alcoholic drinks. Deverso stated that he sent Beverly money for her 19th, not 18th, birthday. Deverso also denied telling his fellow

5

inmate anything about his travels or having sex with minors. He commented that his testimony was the truth.

During the charge conference, Deverso objected to an instruction that "the defendant's awareness of the age of the minor is not an element of the offense," and that mistake of age is not a defense to Count Three. Instead, Deverso requested that the district court instruct the jury that mistake of age is, in fact, an affirmative defense to Count Three. The Government responded that the instruction was a correct statement of the law. The district court concluded that because knowledge of age is not an element of 18 U.S.C. § 2251, mistake of age is not a defense.

The jury found Deverso guilty on all counts. The district court sentenced him to concurrent terms of 120 months imprisonment on Count One and 195 months imprisonment on Counts Two and Three. Deverso filed a timely notice of appeal.

## II. ISSUES

1. Whether the district court erred in admitting a certified copy of a birth certificate as a foreign public document pursuant to Federal Rule of Evidence 902(3).

2. Whether the district court abused its discretion in refusing to instruct the jury on mistake of age on Count Three.

3. Whether the district court erred in denying Deverso's motion for judgment of acquittal on Count One.

## III. STANDARDS OF REVIEW

We review for abuse of discretion the district court's admission of evidence. *See United States v. Maragh*, 174 F.3d 1202, 1204 (11th Cir. 1999). If the defendant fails to object at trial to the admission of evidence, the court reviews the district court's ruling for plain error only. *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005). "Where an appellant has objected to a jury instruction at trial, we review the court's decision to use that instruction for abuse of discretion." *United States v. Dean*, 487 F.3d 840, 847 (11th Cir. 2007), *petition for cert. filed*, 76 U.S.L.W. 3240 (U.S. Oct. 25, 2007) (No. 07-553). "We review a district court's decision to deny a motion for judgment of acquittal based on sufficiency of the evidence de novo." *United States v. Dulcio*, 441 F.3d 1269, 1276 (11th Cir. 2006). In determining whether the Government presented sufficient evidence, the court "must review the evidence in the light most favorable to the [G]overnment and draw all reasonable factual inferences in favor of the jury's verdict." *Id.*

## IV. DISCUSSION

7

A. *Admission of the birth certificate*

Deverso argues that the district court erred in admitting a copy of Beverly's birth certificate into evidence to establish that Beverly was under the age of 18 at the time of the alleged sexual encounter. First, he claims that the birth certificate is a business record, and the Government did not lay a proper foundation for its admission. *See* 28 U.S.C. § 1732 (governing admission of business records into evidence). Second, Deverso contends that the Government did not authenticate the birth certificate, and the document did not bear the required indicia of reliability. He claims that while the birth certificate may have been attested to by an appropriate individual listed in Federal Rule of Evidence 902(3), the document itself does not contain the minimum information to appear valid on its face. Deverso questions the authenticity of the document because the certificate states that it certifies that "Beverly Regidor Datanagan who was *allegedly* born on November 10, 1986 . . . appears in the National Indices for birth." (R. Exhibit No. 5.) Thus, Deverso argues that the document is not what the Government claims it to be – a birth certificate – but is, instead, a document containing an "alleged" date of birth.

A review of the record indicates that Deverso objected to the admission of the document on the grounds that what purports to be a copy of the original or

8

certified copy of the original does not have a signature under the heading "Certificate of Attendant at Birth." Specifically, he claimed that it was an incomplete document. (R. Vol. 6, p. 322.) This trial objection is different than the objections Deverso proffers on appeal. Consequently, to obtain relief, Deverso must demonstrate plain error warranting relief. *See United States v. Cotton*, 535 U.S. 625, 631-32, 122 S. Ct. 1781, 1785 (2002) ("[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights . . . [and] (4) . . . seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." (quoting *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 1549 (1997) (internal citations and quotation marks omitted)).

The Government admitted the document as a foreign public document pursuant to Federal Rule of Evidence 902(3). This rule provides, in part, that

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to . . . (3) **Foreign public documents.** A document purporting to be executed or attested in an official capacity by a person authorized by the laws of a foreign country to make the execution or attestation, and accompanied by a final certification as to the genuineness of the signature and official position (A) of the executing or attesting person, or (B) of any foreign official whose certificate of genuineness of signature and official position relates to the execution or attestation or is in a chain of certificates of genuineness of signature and official position relating to the execution or attestation. A final certification may be made by a

9

secretary of an embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or a diplomatic or consular official of the foreign country assigned or accredited to the United States.  If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents, the court may, for good cause shown, order that they be treated as presumptively authentic without final certification or permit them to be evidenced by an attested summary with or without final certification.

FED. R. EVID. 902(3).

There is no requirement in Rule 902(3) that the document itself be signed. *See United States v. Squillacote*, 221 F.3d 542, 562 (4th Cir. 2000).  "The rules are written in the alternative – foreign documents may be authenticated by a certification from the official executing the document *or* by an official attesting to the document."  *Id.*

There are two requirements for the authentication of a foreign document. "First, there must be some indication that the *document* is what is purports to be. Thus, the proffered document must be executed by a proper official in his official capacity, or the genuineness of the document must be attested to by a proper official in his official capacity."  *Id.*; *see also United States v. Doyle*, 130 F.3d 523, 545 (2d Cir. 1997) (noting that the rule is not concerned with establishing the truth of information contained in the proffered document but, instead, is concerned only with "assuring that evidence is what it purports to be").  "Second, there must

be some indication that the *official* vouching for the document is who he purports to be." *Squillacote*, 221 F.3d at 562. Accordingly, "the rules require that one of a specified group of foreign officials must issue a final certification attesting to the genuineness of signature and title of the person executing or attesting to the document, or of another official who has certified the signature and position of the person executing or attesting to the document." *Id.*

The Government met these requirements here. The Government established that Agent Orate requested and obtained a copy of Beverly's birth certificate from the Philippine National Census and Statistics Office and that he had the copy authenticated and certified at the United States Embassy in Manila. The copy of Beverly's birth certificate was accompanied by a certificate from Richard Ambrad, Embassy Coordinator with the Government of the Philippines, attesting that the copy of Beverly's birth certificate was a true copy of an official record authorized by the law of the Philippines to be reported and recorded in the National Census and Statistics Office. That certification was accompanied by a final certification by Kimberly A. Russell, Vice Consul of the United States in the Philippines. Additionally, the copy of the birth certificate was stamped as a certified copy and affixed with the seal of Luzviminda N. Cruz, whom Vice Consul Russell certified was "Clerk II, National Statistics Office, Quezon City, Republic of the

11

Philippines."  Because the Government met the requirements for self-authentication of the foreign document, it did not have to lay a foundation for admission of the document as a business record.  *See* FED. R. EVID. 902, advisory committee note to para. (3) (stating that this paragraph "provides a method for extending the presumption of authenticity to foreign official documents by a procedure of certification").

Furthermore, to the extent that Deverso challenges the reliability of the information contained in the birth certificate, such as Beverly's date of birth and the lack of signature of the attendant at birth, that challenge goes to the weight of the evidence, not its admissibility on grounds of authenticity.  *See, e.g., Doyle*, 130 F.3d at 545 ("[T]he official does not need to attest to the truth or trustworthiness of the facts contained in the document; accuracy of its contents is the concern of other Federal Rules.").  Deverso fails to establish that Beverly's birth certificate is not what it purports to be, especially in light of Agent Orate's testimony that the certified copy of the birth certificate was identical to the birth certificate that Beverly showed him upon request.  Consequently, Deverso cannot show error, let alone plain error, warranting a new trial due to the district court's admission of the birth certificate into evidence.

B.  *Mistake of age jury instruction*

12

Deverso claims that the district court erred by refusing to give his mistake of age instruction as to Count Three. Deverso contends that knowledge of age is constitutionally mandated and because the Government charged that he did "knowingly" employ, use, persuade, entice, or coerce a minor to engage in sexually explicit conduct outside of the United States for the purpose of producing a visual depiction of such conduct, he could raise mistake of age as a defense. The Government responds that the district court properly refused to give a mistake of age instruction. We agree.

Pursuant to 18 U.S.C. § 2251(c)(1),

> [a]ny person who, in a circumstance described in paragraph (2), employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, any sexually explicit conduct outside of the United States, its territories or possessions, for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (e).

*Id.*

Subsection (2) states that the circumstance referred to in paragraph (1) is that –

> (A) the person intends such visual depiction to be transported to the United States, its territories or possessions, by any means, including by computer or mail; or

13

(B) the person transports such visual depiction to the United States, its territories or possessions, by any means, including by computer or mail.

18 U.S.C. § 2251(c)(2). The statute sets the age of majority at 18. 18 U.S.C. § 2256(1).

Deverso first contends that he was entitled to a mistake of age defense jury instruction because knowledge of age is an element of the offense under § 2251. We disagree and hold that knowledge of age is not an element of this offense. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 76 & n.5, 115 S. Ct. 464 (1994) (concluding, although in dicta, that a mistake of age defense to 18 U.S.C. § 2251 is not constitutionally mandated and citing a Senate Conference Committee Report explaining that the deletion of the word "knowingly" from § 2251 reflected an intent to eliminate knowledge of age as an element of the crime); *United States v. Griffith*, 284 F.3d 338, 349 (2d Cir. 2002) (rejecting defendants' argument that the district court's charge to the jury omitting scienter of age under § 2251 was erroneous); *United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004) (finding that because defendant was charged with the attempt to manufacture child pornography, the Government had to prove knowledge of the minor's age; however, commenting that if the defendant were charged with the commission of the completed offense under § 2251, the Government would not have to prove

14

knowledge of the minor's age); *United States v. U.S. Dist. Ct.*, 858 F.2d 534, 538-41 (9th Cir. 1988) (acknowledging that scienter as to age is not an element of 18 U.S.C. § 2251); H.R. REP. NO. 99-910, at 6 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5952, 5956 (noting that under § 2251 the Government "need not prove that the defendant actually knew the person depicted was in fact under 18 years of age").

Deverso also argues that he was entitled to a mistake of age jury instruction because it is constitutionally mandated. He relies on *United States District Court*, 858 F.2d at 537-43, in which the Ninth Circuit engrafted a mistake of age defense into the statute after concluding that such a defense was required under the First Amendment although the statute did not have a scienter of age element. We reject Deverso's contention and hold that the Constitution does not mandate a mistake of age defense under § 2251. *See United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999) (finding defendant's constitutional challenge to § 2251 meritless); *cf. Gilmour v. Rogerson*, 117 F.3d 368, 370-73 (8th Cir. 1997) (considering Iowa statute similar to § 2251 and concluding that the First Amendment does not mandate a mistake of age defense to the offense of sexual exploitation of a minor).

Accordingly, we reject Deverso's argument that the district court erred in its jury instruction on Count Three.[2]

C. *Motion for judgment of acquittal*

Deverso contends that the district court erred in denying his motion for judgment of acquittal on Count One, possession of materials containing child pornography. He argues that the evidence was insufficient to support his conviction. Having reviewed the record, and taking the evidence in the light most favorable to the Government, *see Dulcio*, 441 F.3d at 1276, we conclude that the evidence was more than sufficient to support Deverso's conviction on Count One.

The evidence showed that after his arrest, Deverso admitted to another inmate that the disks belonged to him but that he intended to put the blame on his son, and that he had had sex with underage girls while he was in the Philippines. Additionally, an investigator testified that some of the child pornography contained on one of the disks had been found under Deverso's password-protected

---

[2] We note, moreover, that the Government's inclusion of the word "knowingly" in the indictment was mere surplusage. Congress defines the elements of an offense, not the charging document. Surplusage in an indictment may be deleted without any legal error. *See United States v. Ward*, 486 F.3d 1212, 1227 (11th Cir.2007), *cert. denied*, 128 S. Ct. 398 (2007). Furthermore, when the Government explained that it had charged "knowingly" to mean only that Deverso must have "knowingly produced the images, he knowingly took the pictures," Deverso did not dispute that construction of Count Three, nor did he argue that he had relied on the language of the charge in formulating his defense. *See United States v. Cancelliere*, 69 F.3d 1116, 1121 (11th Cir. 1995) (noting exception to the general rule regarding surplusage in the indictment when a defendant rests his entire defense on an erroneously charged surplus element).

16

account on the hard drive of his computer. The investigator also stated that some of the child pornography on the disks contained the same images he had seen in other child pornography investigations. Deverso's son testified that none of the computer stuff belonged to him and that his father's account was the only account that was password-protected.

Although Deverso testified and denied any knowledge of the child pornography on the disks, the jury was free to disbelieve his testimony in light of the evidence to the contrary. Given the opportunity to evaluate Deverso's demeanor and credibility, the jury was entitled not only to disbelieve his testimony but, in fact, to find that the opposite of his testimony was true. *See United States v. Martinez*, 83 F.3d 371, 374-75 (11th Cir. 1996); *United States v. Brown*, 53 F.3d 312, 314-15 (11th Cir. 1995). Thus, Deverso's testimony in his own defense, coupled with the corroborative evidence of his guilt, supports the jury's guilty verdict. *See United States v. Williams*, 390 F.3d 1319, 1326 (11th Cir. 2004) ("Where some corroborative evidence of guilt exists for the charged offense . . . and the defendant takes the stand in [his] own defense, the [d]efendant's testimony, denying guilt, may establish, by itself, elements of the offense."). Accordingly, we conclude that the district court did not err in denying Deverso's motion for judgment of acquittal on Count One.

## V. CONCLUSION

For the foregoing reasons, we affirm Deverso's convictions.

**AFFIRMED.**