[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2008
THOMAS K. KAHN
CLERK

No. 07-11270
Non-Argument Calendar

_____

D. C. Docket No. 06-14046-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN THOMAS BOLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 18, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

John Thomas Bolen appeals his convictions and life sentence for conspiracy

and attempt to import cocaine, 21 U.S.C. §§ 952(a), 960(b)(1)(B), conspiracy with

intent to distribute cocaine, 21 U.S.C. § 846, and possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). Bolen argues that the district court erred in admitting the hearsay testimony of a cooperating witness, failing to give two jury instructions Bolen requested, denying Bolen's motion for a new trial, and imposing Bolen's sentence. We affirm.

## I. TESTIMONY OF COOPERATING WITNESS

Bolen contends that the district court erred when it denied his hearsay objection to the testimony of a cooperating witness. The witness testified that the prosecutor told the witness to tell the truth. Bolen also contends that the purpose of this hearsay was to vouch impermissibly for the witness's credibility.

Bolen's argument that the district court erroneously admitted hearsay fails. When a defendant objects in the district court to the admission of evidence, we review the ruling for abuse of discretion. United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000) (citation omitted). Hearsay is defined as a "statement, other than one made by the declarant while testifying at the trial of hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). The problem with Bolen's objection is that the testimony that the prosecutor instructed the cooperating witness to tell the truth was not hearsay because it was not offered to prove the truth of the matter asserted. The district court did not abuse its

discretion when it admitted the testimony.

Because Bolen did not object to the testimony as improper vouching by the government at trial, we review his other argument about the testimony for plain error. See United States v. Deverso, 518 F.3d 1250, 1255 (11th Cir. 2008). That standard is deferential. To establish plain error, a defendant must establish that the district court committed "(1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and quotation omitted).

Bolen's argument fails. The government improperly vouches for the credibility of a witness when it makes statements that a reasonable jury could believe suggest a "personal belief in the witness's credibility" by the prosecutor. United States v. Cano, 289 F.3d 1354, 1365 (11th Cir. 2002). We have explained that "it is perfectly proper for a prosecutor to elicit testimony regarding the truth telling portion of a plea agreement on redirect once the credibility of the witness is attacked on cross-examination." United States v. Diaz, 190 F.3d 1247, 1254 (11th Cir. 1999).

The questions by the prosecutor, on redirect examination, did not amount to improper bolstering. Bolen attacked the credibility of the witness and his incentives to testify falsely on cross examination. The questions of the prosecutor

did not make personal reassurances of the credibility of the witness nor imply that evidence not before the jury supported the testimony of the witness. See Cano, 289 F.3d at 1365. Any possible prejudice was dispelled by the jury instruction to consider the testimony of a cooperating witness with extra caution. See Diaz, 190 F.3d at 1254. The district court did not plainly err when it allowed the prosecutor to question the witness about his obligation to tell the truth.

## II. JURY INSTRUCTIONS

Bolen contends that the district court erred when it failed to give two requested instructions to the jury. First, Bolen asked the court to instruct the jury about the plea agreements of his co-defendants that the government "may file a motion for a downward departure or . . . sentence reduction" and "without such a motion . . . a higher sentence is guaranteed." The district court denied the request and instructed the jury that some witnesses had entered into plea bargains, which provided for "the possibility of a lesser sentence than the witness would otherwise be exposed to," and a cooperating witness "may have a reason to make a false statement because the witness wants to strike a good bargain with the government." The court further instructed that the jury should "consider [the] testimony [of cooperating witnesses] with more caution than the testimony of other witnesses." Second, Bolen asked the court to instruct the jury regarding his

defense that he "was performing a lawful business activity" and lacked knowledge that his boat was being used to transport drugs. The district court denied the requested instruction because it was "not a legal defense." The court instead instructed the jury that, if it found Bolen "lacked the requisite mental state" to commit the offense, the jury should acquit him.

We review for abuse of discretion the denial of a requested jury instruction. United States v. Klopf, 423 F.3d 1228, 1241 (11th Cir. 2005). The refusal to give a requested instruction warrants a new trial "only if (1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." Id. (quoting United States v. Roberts, 308 F.3d 1147, 1153 (11th Cir. 2002)). In our determination whether a requested instruction was substantially covered by the actual charge delivered to the jury, we "need only ascertain whether the charge, when viewed as a whole, fairly and correctly states the issues and the law." Id. (citation and quotation omitted).

Bolen's argument regarding the jury instruction about cooperating witnesses fails. The requested instruction was erroneous because, under the advisory guideline regime, a higher sentence was not "guaranteed" absent a motion for a

downward departure.  See United States v. Booker, 543 U.S. 220, 244, 125 S. Ct. 738, 756 (2005).  The instruction given by the district court fairly and accurately stated the governing law.  See id. at 1241.  The district court did not abuse its discretion.

Bolen's argument regarding the jury instruction for his theory of defense also fails.  The instruction given by the district court covered the gist of Bolen's proposed instruction, that if Bolen lacked the knowledge that his boat was being used for smuggling, the jury must acquit him.  See id.  The instruction did not deprive Bolen of the ability to advance the defense that he was unaware of the smuggling.  See United States v. Gonzales, 975 F.2d 1514, 1517–18 (11th Cir. 1992).  The district court did not abuse its discretion.

### III.  MOTION FOR NEW TRIAL

Bolen argues that the district court abused its discretion when it denied, without an evidentiary hearing, his motion for a new trial.  Bolen based his motion on a document purportedly about the Bahamian criminal record of a co-defendant who testified against Bolen.  This argument fails.

The law governing our review of this issue is settled.  We review a denial of a motion for a new trial based on newly discovered evidence or an alleged violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), for abuse of

discretion. United States v. Vallejo, 297 F.3d 1154, 1163 (11th Cir. 2002). We review the decision whether to hold an evidentiary hearing for abuse of discretion. United States v. Massey, 89 F.3d 1433, 1443 (11th Cir. 1996). "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process when the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87, 83 S. Ct. at 1196–97. Evidence favorable to the accused includes impeachment evidence. United States v. Bagley, 473 U.S. 667, 682, 105 S. Ct. 3375, 3384 (1985). To obtain a new trial because of a Brady violation, a defendant must establish

> (1) that the government possessed evidence favorable to the defendant (including impeachment evidence); (2) that the defendant did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been revealed to the defense, there is a reasonable probability that the outcome of the proceedings would have been different.

United States v. Spagnoulo, 960 F.2d 990, 994 (11th Cir. 1992). A defendant may establish possession by the government if the evidence was "in the possession of the prosecutor or anyone over whom the prosecutor had authority." Id.

Bolen failed to establish sufficient facts from which the district court could conclude that the prosecutor possessed or suppressed impeachment evidence before trial. At the time of trial, the document was in the possession of a foreign

7

government, over whom the federal prosecutor had no authority. See id. The prosecutor could not have readily obtained the criminal history of the co-defendant because these convictions were in the Bahamas. Cf. United States v. Auten, 632 F.2d 478, 480-81 (5th Cir. Unit A 1980). The district court did not abuse its discretion.

## IV. SENTENCING

Bolen raises two sentencing issues on appeal. First, Bolen contends that his sentence is unreasonable. Second, Bolen argues that the district court violated the Fifth and Sixth Amendments when it applied the Sentencing Guidelines. The reasonableness of a sentence is reviewed for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). Our review involves an examination of the totality of the circumstances, including whether the statutory factors for sentencing, 18 U.S.C. § 3553(a), support the challenged sentence. Id. at 597–600. We defer to the judgment of the district court in the weight given to the factors in section 3553(a) unless the district court has made "a clear error of judgment" and has imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297–98 (11th Cir. 2007) (citations omitted).

Bolen has failed to establish that his sentence is unreasonable. The

guideline range was life imprisonment. The district court heard from Bolen, who stated that he was innocent of the offenses, and his counsel argued that a life sentence was overly severe because of his lack of criminal history and the comparatively light sentences of his co-defendants. The district court weighed the factors in section 3553(a) and did not make any clear error of judgment. The disparity between Bolen's sentence and those of his co-defendants is "not an appropriate basis for relief on appeal," United States v. Regueiro, 240 F.3d 1321, 1325-26 (11th Cir. 2001) (citation omitted), especially because Bolen is not similarly situated to those co-defendants who cooperated with authorities shortly after their arrest, pleaded guilty, and testified for the government at Bolen's trial. The district court reasonably determined that this sentence was not greater than necessary to achieve the statutory purposes of sentencing.

Bolen concedes that his constitutional challenge to the application of the sentencing guidelines is foreclosed by precedent. A district court "may still impose fact-based sentencing enhancements under an advisory guidelines system without violating the Sixth Amendment." United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006).

## V.  CONCLUSION

Bolen's convictions and sentence are **AFFIRMED**.

9