[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10620
Non-Argument Calendar

_____

D. C. Docket No. 07-20325-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ERNESTO PORTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 28, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jose Ernesto Portillo appeals his convictions for knowingly conspiring to

defraud the United States by fraudulently obtaining a commercial driver's license without first properly qualifying under federal standards, in violation of 18 U.S.C. § 371, and causing an identification document to be produced without lawful authority, in violation of 18 U.S.C. §§ 1028(a)(1), (c)(3)(A), and 2.  On appeal, Portillo challenges the district court's denial of his motion in limine, which allowed the government to introduce evidence of its witness's participation in the same criminal conduct for which Portillo was charged.  Upon review of the record, and consideration of the briefs of the parties, we find no reversible error.

A district court's decision regarding the admissibility of evidence is reviewed for an abuse of discretion.  *United States v. Desero*, 518 F.3d 1250, 1254 (11th Cir. 2008).  Federal Rule of Evidence 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).  "Evidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b) if it is . . . inextricably intertwined with the evidence regarding the charged offense."  *United States v. Ramsdale*, 61 F.3d 825, 829 (11th Cir. 1995) (quoting *United States v. Veltmann*, 6 F.3d 1483, 1498 (11th Cir.1993)).  Evidence

is "inextricably intertwined" when it

> pertain[s] to the chain of events explaining the context, motive and set-up of the crime, [and] is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (internal quotation marks omitted).

The district court did not abuse its discretion in admitting testimony of a witness who was involved in the same criminal transaction as Portillo because it was necessary to complete the story of the crime and was inextricably intertwined with the evidence regarding the offense. The witness testified that he was arrested for and pled guilty to illegally obtaining a commercial driver's license. He stated that, on the day of the offense, he arrived at the Department of Motor Vehicles facility and saw Portillo sitting in his cousin's automobile. The witness further testified that he, along with Portillo and two others, was escorted into the facility to obtain a commercial driver's license and that Portillo was in front of him in line inside. After obtaining the license, the witness paid $700 to his cousin, in whose car Portillo had been sitting when the witness arrived.

This testimony was inextricably intertwined with evidence regarding the charged offense because it put Portillo at the scene of the offense, linked him to a

3

co-conspirator, and established his participation in the offense.  Accordingly, we affirm.

**AFFIRMED.**