[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 3, 2009
THOMAS K. KAHN
CLERK

No. 08-14038
Non-Argument Calendar

_____

D. C. Docket No. 07-20166-CV-PAS

JEFFREY JOSEPH CASEY,

Plaintiff-Appellant,

versus

CITY OF HIALEAH, FL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 3, 2009)**

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jeffery Joseph Casey appeals the district court's grant of summary judgment

on behalf of the City of Hilaleah, Florida on his claim, pursuant to 42 U.S.C. § 1983, alleging that the City of Hialeah had a policy which authorized the use of excessive force during the execution of a search warrant. "We review the district court's grant of summary judgment *de novo*" and "review the district court's findings of fact for clear error." *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1325 (11th Cir. 2001). "We review for abuse of discretion the district court's admission of evidence." *United States v. Deverso*, 518 F.3d 1250, 1254 (11th Cir. 2008).

Summary judgment is appropriate when "'the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (quoting FED. R. CIV. P. 56 (c)). When reviewing a motion for summary judgment, we view the record and all factual inferences in the light most favorable to the nonmoving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

Upon review of the record and the parties' briefs, we discern no reversible error. Here, Casey has not presented any evidence whatsoever that the City of Hialeah had any policy in place which authorized excessive force. Accordingly, we affirm.

**AFFIRMED.**

2