[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16405
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00017-CR-ORL-28KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN JAMES BUSSARD, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 30, 2010)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Steven James Bussard, Jr. appeals his conviction for attempted receipt of

child pornography. 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1). Bussard challenges the sufficiency of the evidence supporting his conviction and the denial of his motion for a new trial. We affirm.

The district court did not err by denying Bussard's motion for a judgment of acquittal. The government proved that Bussard attempted to receive knowingly child pornography that had been transported in interstate commerce. Id. Bussard admitted to agents that he had "purchased . . . access . . . and viewed child pornography," and his confession was corroborated by evidence on Bussard's computer of at least one image of child pornography and receipts for subscriptions to two websites titled "Excited Angels" and "Pedoland-Kidz Porn." See United States v. Micieli, 594 F.2d 102, 109 (5th Cir. 1979). Bussard argues that the government failed to prove he accessed the websites with knowledge they contained child pornography, but we disagree. See United States v. Deverso, 518 F.3d 1250, 1258 (11th Cir. 2008). Federal agents obtained Bussard's contact information from PayPal in response to a request for persons who had purchased access to websites containing child pornography. The "Excited Angels" website contained child pornography and, three hours after Bussard subscribed to that website, PayPal limited Bussard's account permanently for violating the "Acceptable Use Policy" by "send[ing] or receiv[ing] payments or donations for

obscene or sexually oriented goods or services."  The receipt for Bussard's subscription to the "Kidz Porn" website listed an internet address of "http://paymembers.biz/members/ pedoland," and Bussard had downloaded to his computer an advertisement for a Pedoland website that promised its subscribers access to pictures and videos of girls between one and ten years old masturbating and engaging in oral sex.  Bussard argues that the government failed to prove that the "Pedoland" advertisement was connected to the "Pedoland-Kidz Porn" website, but the advertisement and website share the same name, the amount Bussard paid for a subscription to "Kidz Porn" matched the advertised cost for access to Pedoland, and the title "Kidz Porn" references explicitly the type of pornography promised in the Pedoland advertisement.  There was ample evidence to support Bussard's conviction.

The district court also did not abuse its discretion by denying Bussard's motion for a new trial based on the cumulative effect of the insufficiency of the evidence, evidentiary rulings, and prosecutorial misconduct.  Bussard argues about the sufficiency of the evidence, but the verdict "was not contrary to the weight of the evidence."  United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985).  Bussard complains about the admission of Exhibit 24 under Federal Rule of Evidence 404(b), but Bussard knew of and was prepared to defend against the

exhibit, and the district court eradicated any possible prejudice by instructing the jury that the evidence could be used only to determine Bussard's intent or knowledge. See United States v. Edouard, 485 F.3d 1324, 1346 (11th Cir. 2007). Bussard argues, for the first time on appeal, about the jury viewing seven exhibits that were later removed from evidence, but Bussard fails to establish that the exhibits had a substantial effect on the jury's verdict. See United States v. Tenorio-Angel, 756 F.2d 1505, 1512 (11th Cir. 1985). The district court instructed the jury to disregard the exhibits and, in the light of the evidence against Bussard and his defense that he accessed websites containing child pornography inadvertently, it is unlikely that the jury would have reached a different verdict. See United States v. Warren, 772 F.2d 827, 838–39 (11th Cir. 1985); Tenorio-Angel, 756 F.2d at 1512.

Bussard also failed to establish the prosecution committed any reversible error. Bussard argues the government twice violated the Jencks Act, but he admitted in his post-trial motion that the alleged violations did not prejudice him. See United States v. Hamaker, 455 F.3d 1316, 1327 (11th Cir. 2006). Bussard also argues the government committed misconduct by referencing an organization that operated websites containing child pornography and classifying images as child pornography that Bussard did not receive, but any error did not harm Bussard's

4

substantial rights.  Bussard was not part of the organization and the district court gave an instruction to that effect, see Tenorio-Angel, 756 F.2d at 1512, and the jury was required to determine whether the materials Bussard attempted to receive contained child pornography.  Because Bussard has failed to establish any reversible error, he cannot establish that cumulative error entitled him to a new trial.  United States v. Culver, 598 F.3d 740, 751 (11th Cir. 2010).

We **AFFIRM** Bussard's conviction.