[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10492
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00054-SPM-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD SCOTT PREACHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 28, 2011)

Before DUBINA, Chief Judge, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Ronald Preacher appeals his conviction for using a facility of

interstate commerce with the intent that murder-for-hire be committed under 18 U.S.C. § 1958. On appeal Preacher argues: (1) that the district court erred in determining that abandonment is not a valid defense under § 1958 and erred in denying his proposed jury instruction on abandonment; and (2) because there was sufficient evidence of abandonment presented at trial, the district court also erred in denying Preacher's motion for judgment of acquittal. For the reasons that follow, we affirm.

## I. Background

Ronald Preacher was angry at his close friend, Ralph Burton, for "stealing" his girlfriend. Preacher threatened to kill Burton through a series of voicemails, and offered money to another friend and coworker, David Moore, to do the job for him. Moore refused the solicitation, so Preacher asked that he find someone to kill Burton instead.

Moore informed Special Agent Zachary Coates about Preacher's solicitation. Under the FBI's direction, Moore made a recorded call to Preacher and told Preacher that he had found someone to do the job. Special Agent Ricky Gibbs was directed to act as Moore's hitman, going by the name of Rico. For several days, the two exchanged a series of text messages and phone calls regarding the hit. Preacher expressed fear of getting caught, but a desire to follow

2

through with the plan nonetheless.

On July 29, Preacher told Moore that he had gotten the money together to pay the hitman. Preacher stated that he had gone to his ex-girlfriend's house the night before and tampered with her car. That afternoon, Preacher left work and returned with $1,250.00 in cash (the half payment expected up front) and photos of Burton. Gibbs went to Preacher's workplace to meet and take payment. Preacher then told Gibbs he was afraid to go through with plan. He therefore cancelled the deal. After Gibbs left, Preacher was arrested.

A federal grand jury indicted Preacher for using a facility of interstate commerce with the intent that a murder-for-hire be committed in violation of 18 U.S.C. § 1958(a). Preacher proposed a jury instruction on the defense of abandonment, claiming that he abandoned his effort to commit the crime and that abandonment is a complete defense to § 1958. The government filed a motion in limine to preclude the use of an abandonment defense and requested that a special jury instruction be given explaining when a § 1958 offense is complete. The district court made a finding that a § 1958 offense is complete once a defendant uses a facility of interstate commerce with the requisite intent. The district court then granted the government's motion in limine and denied Preacher's proposed jury instruction, finding that a completed crime cannot be abandoned. After trial

3

the jury returned a guilty verdict, and Preacher was sentenced to 36-months imprisonment.

## II. Discussion

A district court's denial of a proposed jury instruction is reviewed for an abuse of discretion. *United States v. Westry*, 524 F.3d 1198, 1216-17 (11th Cir. 2008). However, we review a district court's determination of the availability of a defense under a statute *de novo*. *United States v. Thompson*, 25 F.3d 1558, 1563 (11th Cir. 1994). Therefore we apply a *de novo* review to the district court's determination that abandonment is not a defense to § 1958 and refusal to give a jury instruction in that regard.

Section 1958(a) prohibits:

> travel[ing] in or caus[ing] another (including the intended victim) to travel in interstate or foreign commerce, or us[ing] or caus[ing] another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value.

18 U.S.C. § 1958(a). In order to get a conviction under this statute, the government must prove that the defendant: (1) used or caused another to use any facility of interstate or foreign commerce; (2) with the intent that a murder be committed; (3) as consideration for a promise or agreement to pay anything of

4

pecuniary value. 18 U.S.C. § 1958(a).

We have yet to address the issue of whether abandonment is a defense to a charge under this statute, but we find instructive the Eighth Circuit's discussion of when a § 1958 offense is complete. In *United States v. Delpit*, 94 F.3d 1134, 1149-50 (8th Cir. 1996), the Eighth Circuit stated:

> This statute is relatively straightforward, both in what it prohibits and in what it does not reach. It does not prohibit murder or attempted murder. Instead, it outlaws using interstate-commerce facilities with the intent that murder-for-hire be committed. Once the interstate-commerce facility is used with the required intent the crime is complete. One who travels or causes another to travel in interstate commerce with the necessary murderous intent need not do anything else to violate the statute.

*Id.* We agree with the Eighth Circuit that once the defendant uses an instrument of interstate commerce with the intent that a murder-for-hire be committed, the crime is completed.[1]

Moreover, we conclude that once a crime is completed, it logically can no longer be abandoned. Preacher used and caused Agent Gibbs to use an instrument of interstate commerce, a cellular telephone, with the intent that an individual be murdered for a price to be paid by Preacher. The first time that Preacher used his

_____

[1]Preacher attempts to distinguish himself from the defendant in *Delpit* by arguing that the indictment against him charges an ongoing crime, and therefore the crime cannot said to be complete at the first instance he used his cell phone with the requisite intent. We need not address this issue, however, because the indictment clearly charges a single crime occurring "on or about" certain dates and not an ongoing crime.

cell phone to communicate his desire that the victim be killed for money, he violated § 1958. Abandonment only remains a defense to a completed crime if Congress provides for such a defense in the statute. *See, e.g.*, 18 U.S.C. § 373.

Because we hold that abandonment is not an affirmative defense to a completed violation of § 1958, the district court appropriately declined to give Preacher's proposed jury instruction and properly denied his motion for a judgment of acquittal. Accordingly, Preacher's conviction is

**AFFIRMED.**