[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13052
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00303-ODE-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 19, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Hernandez appeals his conviction for using a facility of interstate

commerce with the intent that murder–for–hire be committed, in violation of 18

U.S.C. § 1958. Hernandez's sole argument on appeal is that the evidence was insufficient to support his conviction.

"We review a district court's denial of a motion for a judgment of acquittal de novo." United States v. DuBose, 598 F.3d 726, 729 (11th Cir. 2010). "In reviewing the sufficiency of the evidence underlying the conviction, we consider the evidence in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." Id. (citation omitted). In order to obtain a conviction under § 1958, "the government must prove that the defendant: (1) used or caused another to use any facility of interstate or foreign commerce; (2) with the intent that a murder be committed; (3) as consideration for a promise or agreement to pay anything of pecuniary value." United States v. Preacher, 631 F.3d 1201, 1203 (11th Cir. 2011).

In this case, Hernandez used his cellular telephone to instruct an undercover officer—posing as a hired hit man—to kill another individual. After that telephone conversation, Hernandez also participated in several other similar in–person conversations, but his crime was complete after that first call. Id. at 1204 ("The first time that Preacher used his cell phone to communicate his desire that the victim be killed for money, he violated § 1958."). Hernandez argues that he revoked his requisite intent by informing the undercover officers (posing as hit

2

men) during their final meeting that he wanted them only to harm, but not kill, the individual. This argument, however, is squarely foreclosed by our decision in Preacher, decided after the briefing in this case was completed. In that case, we held that, "once the defendant uses an instrument of interstate commerce with the intent that a murder–for–hire be committed, the crime is completed," and it therefore "can no longer be abandoned." Id. at 1203–04. Thus, even assuming arguendo that Hernandez later sought to call off the hit, that would not render the evidence insufficient to support his conviction. Accordingly, we affirm.

**AFFIRMED.**