[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10034
Non-Argument Calendar

_____

D.C. Docket No. 3:10-cr-00227-MMH-TEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO MARTINEZ RIQUENE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____


(January 16, 2014)


Before MARCUS, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Alfredo Riquene appeals his conviction and 235-month total sentence for production of child pornography, in violation of 18 U.S.C. § 2251(a), (e), and making false statements to the Federal Bureau of Investigation (FBI), in violation of 18 U.S.C. § 1001. Riquene asserts four issues on appeal, which we address in turn. After review, we affirm Riquene's conviction and sentence.

*Motion to Suppress*

Riquene first asserts the district court erred in denying his motion to suppress because, based on the totality of the circumstances, he did not make his statements to the officers voluntarily. He contends a reasonable person would not have believed he was not in custody and could have refused to talk to the officers in the circumstances presented. Specifically, Riquene's native language is Spanish, he was on pain medication, and he was intimidated by the officers in his home due to having grown up under an authoritarian regime in Cuba. Moreover, Officer Bisplinghoff was a large man, while Riquene was of small stature, and there were numerous officers in Riquene's home. Further, when the officers arrived, they immediately informed Riquene that it was illegal to lie to law enforcement. Had the officers given Riquene his *Miranda* warnings when they first arrived, he contends he would not have wanted to answer their questions.

"Whether a person was in custody and entitled to *Miranda* warnings is a mixed question of law and fact." *United States v. McDowell*, 250 F.3d 1354, 1361

2

(11th Cir. 2001).  We review factual findings for clear error and legal conclusions *de novo*. *Id.* This Court "construe[s] the facts in the light most favorable to the party who prevailed below." *United States v. Muegge*, 225 F.3d 1267, 1269 (11th Cir. 2000).

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  A suspect is not entitled to *Miranda* warnings for pre-custodial questioning, however. *United States v. Street*, 472 F.3d 1298, 1309 (11th Cir. 2006).

Custodial interrogation occurs "after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444.  Whether a suspect is in custody is an objective inquiry that goes beyond whether a reasonable person would have felt free to leave. *United States v. Luna-Encinas*, 603 F.3d 876, 881 (11th Cir. 2010).  Rather, the proper question is whether "a reasonable person would have understood his freedom of action to have been curtailed *to a degree associated with formal arrest*." *Id.* (quotation omitted).  In this context, a reasonable person is "a reasonable innocent person," and the suspect's and interviewing officer's subjective beliefs are irrelevant. *Id.* at 881 n.1 (quotation omitted); *McDowell*, 250 F.3d at 1362.  In determining whether a

3

suspect was in custody, "we consider the totality of the circumstances, including whether the officers brandished weapons, touched the suspect, or used language or a tone that indicated that compliance with the officers could be compelled, as well as the location and length of the detention." *Luna-Encinas*, 603 F.3d at 881 (quotation and citation omitted). "[W]e are much less likely to find the circumstances custodial when the interrogation occurs in familiar or at least neutral surroundings, such as the suspect's home." *Id.* at 882 (quotation omitted).

The district court did not err in denying Riquene's motion to suppress. His statements prior to being advised of his *Miranda* rights were given before he was in custody, so no *Miranda* warnings were required. Considering the totality of the circumstances, Riquene was interviewed in his living room and he was not handcuffed. The officers wore civilian clothes, did not display any weapons, and did not use force against Riquene. In these circumstances, "a reasonable [innocent] person would [not] have understood his freedom of action to have been curtailed *to a degree associated with formal arrest*." *See Luna-Encinas*, 603 F.3d at 881 & n.1 (quotation omitted).

Riquene's reliance on *Missouri v. Seibert*, 542 U.S. 600 (2004) is misplaced. There, the Supreme Court considered "a police protocol for custodial interrogation that calls for giving no warnings of the rights to silence and counsel until interrogation has produced a confession," after which the officer provides *Miranda*

4

warnings and the suspect repeats his pre-*Miranda* statement. *Id.* at 604. In contrast, as discussed above, Riquene was not in custody before he was advised of his rights under *Miranda*. Accordingly, we affirm the denial of Riquene's motion to suppress.

## Mistake of Age Defense

Riquene next contends the district court abused its discretion by prohibiting him from asserting a mistake of age defense, even though there is no *mens rea* element regarding age in 18 U.S.C. § 2251(a). Because A.B. was addicted to crack cocaine, working as a prostitute, and not living with her parents, an average person would have thought she was an adult. Without a mistake of age defense, Riquene had no means to defend himself, which violated his First, Fifth, and Sixth Amendment rights.

"[W]e review a district court's determination of the availability of a defense under a statute *de novo*." *United States v. Preacher*, 631 F.3d 1201, 1203 (11th Cir. 2011). Although a defendant has a constitutional right to present a defense, he must still comply with the rules of evidence, and is not entitled "to place before the jury irrelevant or otherwise inadmissible evidence." *United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989). "Irrelevant evidence is not admissible," Fed. R. Evid. 402, and "[e]vidence is relevant if: (a) it has any tendency to make a

5

fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action," Fed. R. Evid. 401.

> Under § 2251(a):
>
> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e) . . . .

18 U.S.C. § 2251(a).  Section 2251(c) prohibits similar conduct, with the exception of not including a clause regarding transporting a minor:

> Any person who, in a circumstance described in paragraph (2), employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, any sexually explicit conduct outside of the United States, its territories or possessions, for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (e).

*Id.* § 2251(c)(1).  In *United States v. Deverso*, 518 F.3d 1250 (11th Cir. 2008), the defendant appealed the district court's refusal to instruct the jury on a mistake of age defense in regard to the charge under § 2251(c) that he had used "a minor to engage in sexually explicit conduct outside of the United States." *Id.* at 1257.  We held knowledge of the victim's age is not an element of § 2251 and "the

6

Constitution does not mandate a mistake of age defense under § 2251." *Id.* at 1257-58.

The district court did not err in prohibiting Riquene from raising a mistake of age defense at trial. In *Deverso*, we held that knowledge of the victim's age was not an element of § 2251. 518 F.3d at 1257. That holding also applies here.

Riquene's argument that a *mens rea* element should be read into § 2251(a) is without merit. Riquene relies on the clause in § 2251(a) regarding transporting a minor, as that clause includes the language "with the intent that such minor engage in . . . ." However, Riquene was charged under the first clause of § 2251(a), which does not include the "with the intent that such minor engage in" language. Because Riquene was not charged under the transportation clause of § 2251(a), his reliance on its language regarding intent is misplaced.

Because knowledge of the victim's age is not an element of the offense with which Riquene was charged, evidence relating to his perception of the victim's age was irrelevant. The district court did not err in prohibiting Riquene from placing irrelevant evidence before the jury. *See* Fed. R. Evid. 402; *Anderson*, 872 F.2d at 1519.

Finally, Riquene's reliance on the Fifth and Sixth Amendments is misplaced. The Fifth and Sixth Amendments "require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which

7

he is charged, beyond a reasonable doubt." *United States v. Gaudin*, 515 U.S. 506, 509-10 (1995).  That Riquene's jury was not asked to consider a fact that is not an element of the charged crime does not violate this principle.  Accordingly, we affirm the district court's refusal to allow Riquene to raise a mistake of age defense at trial.

### *Admission of Video Recordings*

Riquene next contends that, under Federal Rules of Evidence 403 and 404, the district court should not have admitted Government's Exhibits 30 and 31, video recordings of Riquene having sexual intercourse with adult women, as these recordings were irrelevant and prejudicial.  He asserts the recordings were not relevant to the issues of intent or motive, and the risk of unfair prejudice substantially outweighed any possible probative value.  "We review the district court's evidentiary rulings for clear abuse of discretion."  *United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  Fed. R. Evid. 403. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Such evidence is admissible, however, for other purposes, such as to show "motive, opportunity,

intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Evidence is properly admitted under Rule 404(b) if: (1) it is "relevant to an issue other than the defendant's character;" (2) there is sufficient proof that the defendant committed the act; and (3) undue prejudice from the evidence will not substantially outweigh the probative value of the evidence, and the evidence otherwise meets the requirements of Rule 403. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (quotation omitted).

"[T]he court's discretion to exclude evidence under Rule 403 is narrowly circumscribed." *Smith*, 459 F.3d at 1295 (quotation omitted). "Rule 403 is an extraordinary remedy, which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." *Id.* (quotations and alteration omitted). "The balance under the Rule, therefore, should be struck in favor of admissibility." *Id.* (quotation omitted). Thus, "we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.* (quotation omitted).

In *Smith*, we held that the district court did not err in admitting pictures that depicted the defendant and naked women in a room identical to the one in which the victim was photographed. *Id.* at 1295-96. The pictures were relevant "to establish identity, knowledge, and sexual content." *Id.* at 1296. Further, we

9

explained the prosecution need not "be deprived of its most probative evidence" simply because the nature of the crime and the evidence of the crime are emotionally charged, particularly where the district court provided "limiting instructions as to the proper purpose of admitted evidence." *Id.*

The district court did not abuse its discretion in admitting videos of Riquene having sexual intercourse with adult women. First, the videos, which showed Riquene taking steps to set up his camera to record the sexual acts, were relevant to issues other than Riquene's character—specifically, his knowledge, intent, preparation, and absence of mistake in producing videos of his sexual acts. *See Jernigan*, 341 F.3d at 1280. Second, there was sufficient proof Riquene committed the acts in the videos, as he agrees he is the individual shown in the videos. *See id.* Third, the evidence meets the requirements of Rule 403 because the danger of undue prejudice did not substantially outweigh the probative value of the videos showing Riquene taking steps to record his sexual acts. *See* Fed. R. Evid. 403; *Jernigan*, 341 F.3d at 1280. Moreover, the court provided limiting instructions to the jury both before the videos were shown and during the final jury charge. *See Smith*, 459 F.3d at 1296. Accordingly, we affirm the district court's decision to admit these videos.

*Obstruction of Justice Enhancement*

Riquene contends the district court erroneously applied the § 3C1.1 sentencing enhancement for obstruction of justice. As he was arrested shortly after making the false statements, he asserts his statements did not obstruct, significantly or otherwise, the investigation. Additionally, because Riquene was convicted of making false statements, applying the obstruction of justice enhancement constituted double counting. In reviewing the imposition of a § 3C1.1 enhancement, "we review the district court's factual findings for clear error" and "the district court's application of the Sentencing Guidelines to those facts *de novo*." *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).

> The Sentencing Guidelines provides for a two-level enhancement
>
> [i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

U.S.S.G. § 3C1.1. Where a defendant is convicted of an obstruction offense and of an underlying offense, the obstruction and underlying offenses are to be grouped together under U.S.S.G. § 3D1.2(c). *Id.*, comment. (n.8). "The offense level for that group of closely related counts will be the offense level for the underlying offense increased by the 2-level adjustment specified by this section, or the offense level for the obstruction offense, whichever is greater." *Id.* Certain conduct,

11

including but not limited to making false statements to officers when not under oath, does not ordinarily warrant application of a § 3C1.1 adjustment. *Id.*, comment. (n.5). This application note goes on, however, to specify that, "if the defendant is convicted of a separate count for such conduct, this adjustment will apply and increase the offense level for the underlying offense." *Id.*

The district court did not err in applying the § 3C1.1 enhancement.[1] Riquene is correct that some conduct does not warrant application of this adjustment. *See id.* However, because Riquene was convicted under a separate count for making false statements, the § 3C1.1 enhancement applies even if his false statements would not otherwise warrant this adjustment. *See id.* Additionally, Riquene's double counting argument is without merit. Riquene's base offense level was based only on his production of child pornography conviction, and absent the obstruction of justice enhancement, his Guidelines range would not have reflected his conviction for making false statements to the FBI. Accordingly, we affirm the application of the § 3C1.1 enhancement.

For the foregoing reasons, we affirm Riquene's conviction and sentence.

**AFFIRMED.**

---

[1] Riquene and the Government dispute whether plain error review applies to this issue. We need not determine whether plain error is the correct standard of review, however, because there has been no error, plain or otherwise. *See United States v. Tome*, 611 F.3d 1371, 1375 n.2 (11th Cir. 2010).

12