[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11737

_____

D.C. Docket No. 5:17-cr-00029-RH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON ROYCE PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 13, 2021)

Before JILL PRYOR and GRANT, Circuit Judges, and ROYAL,* District Judge.

GRANT, Circuit Judge:

_____

* Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia,
sitting by designation.

For two months, 33-year-old Brandon Phillips pretended to be a 17- or 18-year-old girl named "Katie Davis" as he communicated online with a 14-year-old boy. Over the course of their online relationship, Phillips sent sexually explicit videos of women to the boy and requested sexually explicit videos of him in return. He complied. But once the boy's family found out, Phillips was arrested and eventually convicted of three crimes, each involving sexual misconduct with a minor.

Phillips now challenges two of those three convictions. He first argues that the district court constructively amended his indictment on one of the charges. Because the indictment charged him with "knowingly and intentionally" causing a minor to engage in sexually explicit conduct for the purpose of producing a video, he says it was reversible error for the district court to instruct the jury that the government need not prove he knew the boy was a minor. We disagree. The statute Phillips was charged with violating does not require that he know his victim's age; the court, then, did not err in disregarding any language in the indictment that suggested otherwise.

Phillips also contends that he was improperly convicted and sentenced for both a crime and a lesser-included crime based on the same set of facts. There, we agree—possession of child pornography is a lesser-included offense of receiving

2

child pornography, so it violated the Double Jeopardy Clause for him to be convicted of both.

I.

A boy we will call N.M. moved to Florida in August 2016, and turned to social media to "try to make friends." On one site, he met someone with the username "Owls." The boy accurately identified himself as a 14-year-old boy in his profile; Owls identified herself as a 17-year-old girl. Owls asked the boy to message her on Kik, another social media site, at the username "katie.davis840." The boy agreed, and created a Kik account where he found and began messaging katie.davis840. According to "Katie," she was 18 years old, and her profile included a picture of a young female.

Soon after "Katie" and the boy began messaging on Kik, she started speaking to him in a sexually explicit manner. "Katie" sent him videos of a female masturbating, and requested that he send videos of himself masturbating in return. The boy complied with her requests, making and sending about 30 sexually explicit videos during the two months they communicated.

Toward the end of those two months, the boy's family noticed that he was acting strangely with his cell phone. His cousin took the phone to look through it, and found "disturbing" videos the boy had made. When he alerted the boy's grandmother she was horrified, and told the boy's father about the phone's

3

contents. The family wasted no time, and went to the Clay County Sheriff's Office the next day to report what they had found.

Law enforcement officers interviewed N.M. and forensically extracted the contents of his cell phone. The extraction turned up two communications with "Katie." The boy had apparently deleted—at "Katie's" request—the rest of their messages. The extraction also uncovered three videos of a female masturbating and 32 videos of the boy engaging in sexually explicit conduct.

Officers then subpoenaed Kik for information on the "Katie Davis" profile; the subpoena revealed the IP address used by the account. Law enforcement traced that IP address to a physical address in Panama City Beach. When they executed a search warrant for the residence there, officers found Phillips and seized his phone on the scene. After obtaining a separate warrant for the phone, the officers sought a detailed forensic examination. That examination revealed that the katie.davis840 Kik account, along with the email registered with that account, was on Phillips's phone. The examination revealed no pictures, videos, or messages to or from N.M.—but it did reveal a contact list that included the boy's Kik profile, indicating that N.M. and "Katie" had chatted.

A grand jury indicted Phillips on three counts, charging that he: (1) "did knowingly and intentionally use, persuade, induce, and entice a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct," in violation of 18 U.S.C. § 2251(a) and (e); (2) "did knowingly receive, and attempt to receive, material containing child pornography," in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); and (3) "did knowingly possess, and attempt to

4

possess, material containing child pornography," in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

At trial, Phillips testified that he was innocently "role playing" when he posed as a 17- or 18-year-old female on Kik. His practice, he said, was to send videos of females masturbating in hopes that the recipient would "send something back." He admitted that he knowingly asked for sexually explicit videos and that he knowingly caused them to be made, but denied having any knowledge that his targets were under the age of 18.

Phillips also admitted to chatting with N.M. on Kik; in fact, he admitted that he asked the boy to make and send videos. He claimed, however, that he did not remember or recognize the sexually explicit videos of N.M. that the government entered into evidence. He also disputed that he knew the boy was a minor when they chatted.

After Phillips rested his case, the district court conducted a charge conference. It explained that, among other things, it intended to instruct the jury that the government need not prove that Phillips knew the age of the person in the video in order for him to be convicted on Count I. Phillips objected; he pointed out that although the statute he was charged with violating, § 2251(a), did not include the word "knowingly," Count I of the indictment charged him with "*knowingly and intentionally*" using, persuading, inducing, and enticing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions. He argued that the way the indictment was worded meant that this scienter requirement necessarily applied to every element of the crime. Because he had

5

been relying on the indictment, he said, the jury instruction needed to affirm that he was guilty only if he knew the victim was a minor.  But the government argued, and the district court agreed, that the words "knowingly and intentionally" in the indictment modified only the acts barred in the statute, and thus did not require that Phillips know the victim's age.  There was no dispute about the scienter requirements for Count II and Count III.

In keeping with its conclusion, the court instructed the jury that Phillips could only be found guilty on Count I if he caused a person under the age of 18 to engage in sexually explicit conduct, if he did so for the purpose of having a video made of that conduct, and if the video had a sufficient connection to interstate commerce.  The court added that the government did not need to prove that Phillips knew N.M. was under 18, but it did need to show that Phillips had a "definite aim" of causing the boy to engage in sexually explicit conduct and video himself engaging in that conduct.  The jury found Phillips guilty on all three counts.

This appeal followed.

## II.

We review whether a district court's jury instructions constructively amended the indictment de novo.  *United States v. Gutierrez*, 745 F.3d 463, 473

(11th Cir. 2014). We review issues not raised before the district court for plain error. *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009).

III.

A defendant can only be convicted of a crime charged in an indictment. This is a "fundamental principle," one based in the Fifth Amendment's grand jury guarantee. *United States v. Keller*, 916 F.2d 628, 633 (11th Cir. 1990). It would indeed be "fundamentally unfair to convict a defendant on charges of which he had no notice." *Id.* That's why the district court cannot "constructively amend" an indictment by changing the essential elements of a charged offense "to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Madden*, 733 F.3d 1314, 1318 (11th Cir. 2013) (quoting *Keller*, 916 F.2d at 634).

Phillips contends that the district court violated his Fifth Amendment rights when it instructed the jury that it need not find that he knew his victim's age to find him guilty. He maintains that knowledge of his victim's age was an element of his indictment, so the district court's instruction impermissibly amended the indictment when it broadened the potential bases for conviction. But just because the indictment included the phrase "knowingly and intentionally" does not mean that the government charged Phillips with knowing his victim's age. Section 2251(a) does not require knowledge of age; his indictment, read in light of the statute, did not either. And because Phillips's indictment did not charge him with

7

knowing his victim's age, the district court's jury instruction amended nothing at all.

When interpreting indictments in other contexts, we have said that we read them "as a whole" and give them a "common sense construction." *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009) (quoting *United States v. Gold*, 743 F.2d 800, 813 (11th Cir. 1984)). In doing so, we look to "practical, not technical, considerations"—including the elements of the statutory offense. *Gold*, 743 F.2d at 812 (quotation omitted); *see also United States v. Amede*, 977 F.3d 1086, 1100 (11th Cir. 2020).

We clarified in a recent case, *United States v. Amede*, that language in an indictment that goes beyond what the statute requires ordinarily does not become part of the charged crime. 977 F.3d at 1100. In fact, a district court can ignore parts of the indictment unnecessary to and independent of the statutory offense, including language that purports to require a higher mens rea than the statute. *Id.*; *see also United States v. Miller*, 471 U.S. 130, 136 (1985). In *Amede*, for example, the indictment stated that the defendant "willfully" committed a crime. 977 F.3d at 1098. Willfulness was not an element of the relevant statutory offenses. *Id.* at 1099. Noting that, we concluded that the indictment's inclusion of the word "willfully" was "mere surplusage" that a court could delete without error. *Id.* at 1100. So when the district court omitted the word "willfully" from the jury

8

instructions, it did not constructively amend the indictment—neither the indictment nor the statute required this element to convict. *Id.*

The same is true here. To start, knowledge of a victim's age is not an element of the offenses in § 2251. Period. *United States v. Deverso*, 518 F.3d 1250, 1257 (11th Cir. 2008). Given that, the government did not need to prove that Phillips knew his victim's age to obtain a conviction under § 2251(a). *Amede*, 977 F.3d at 1100. As we just explained, an extra mens rea term in an indictment ordinarily does not become part of the charged crime, and can be ignored without error. *Id.*

In fact, we have already considered—and rejected—an argument much like the one raised here. In *Deverso*, the government charged that the defendant "knowingly" violated § 2251. 518 F.3d at 1257. Because of that, the defendant contended that he was entitled to argue to the jury that he was mistaken about the age of his victim. *Id.* We rejected his argument, explaining that "Congress defines the elements of an offense, not the charging document." *Id*. at 1258 n.2. The addition of the word "knowingly" to an indictment charging a violation of § 2251 does not create a new element of the offense. *Id.*

Still, Phillips insists that the words "knowingly and intentionally" played such an important role in his indictment that they could not be deleted from the instruction.[1] To support his argument, Phillips leans most heavily on a case called *United States v. Cancelliere*, 69 F.3d 1116 (11th Cir. 1995). There, this Circuit

---

[1] It is not entirely clear how the word "intentionally" could relate to the victim's age, and Phillips offers no suggestion on that front.

9

determined that the district court constructively amended an indictment when it redacted the word "willfully" from the jury instructions, even though willfulness was not an element of the charged offense. *Id.* at 1120–21. Phillips says *Cancelliere* binds us here, and must mean that the district court's omission of "knowingly and intentionally" from the jury instruction was a constructive amendment too.

But that's not so. To begin, *Cancelliere* itself is clear that "mere surplusage may be deleted from an indictment without error." *Id.* at 1121. And to the extent that "knowingly and intentionally" could be read to modify the victim's age, that would be surplusage—knowledge of age is not part of the statutory offense. *See, e.g.*, *United States v. Ward*, 486 F.3d 1212, 1227 (11th Cir. 2007) ("It is not an amendment to a charge to 'drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within the indictment.'" (alteration adopted) (quoting *Miller*, 471 U.S. at 144)).

In any event, we have since clarified that only the "unique circumstances of defendant Cancelliere's trial made the inclusion of 'willfully' in the indictment" a problem. *Amede*, 977 F.3d at 1101. In *Cancelliere*, the jury was instructed— before trial—that to get a conviction the government needed to prove that the defendant acted willfully. 69 F.3d at 1121. With that in mind, Cancelliere focused his trial defense on proving that he did not act willfully. *Id.* at 1122. Yet once Cancelliere had rested his case, the court granted a motion by the government to redact the word "willfully" from the jury instructions. *Id.* at 1119. So the jury— which had first been told that willfulness was required—was newly instructed that

10

it could find the defendant guilty even if he did *not* act willfully. *Id.* at 1121. That shift, our Circuit found, impermissibly broadened the scope of Cancelliere's indictment. *Id.* at 1122.

But in *Amede*, "[n]othing like that happened." 977 F.3d at 1101. Amede, unlike Cancelliere, knew the jury would not be instructed on a willfulness requirement; the government moved to delete the willfulness requirement from the jury instructions before the trial began, and the preliminary instructions to the jury did not include that requirement. *Id.* So the jury was never instructed that "willfully" was a required state of mind; in fact, the jury received the same instruction after the evidence closed that it had before trial. *Id.* Though Amede rested his defense on his alleged lack of willfulness, he did so knowing that the jury would not be instructed on a willfulness requirement. *Id.* For those reasons, we concluded that the district court did not constructively amend the indictment when it omitted the word "willfully" from the jury instructions. *Id.*

This case is like *Amede*, not *Cancelliere*. To start, unlike in *Cancelliere*, the jury was never instructed, before or after trial, that it needed to find knowledge of age in order to find Phillips guilty. In fact, when summarizing the indictment to the jury before the trial even began, the district court left out the words "knowingly and intentionally" from the first count. That omission showed Phillips from the start that the jury would not be instructed on a knowledge of age requirement. And the jury received a very similar instruction once the evidence closed—that to convict, Phillips need not know his victim's age. Phillips had no reason to think that the jury would be instructed otherwise. This case, like *Amede*, falls outside the

11

"unique circumstances" that made the inclusion of "willfully" more than mere surplusage in *Cancelliere*. *Amede*, 977 F.3d at 1101.

IV.

Phillips also argues that his conviction for knowingly possessing child pornography violates the Double Jeopardy Clause. He contends that possessing child pornography is a lesser-included offense of receiving it, so his conviction and sentence for both violated the Double Jeopardy Clause. Because Phillips never made this argument to the district court, we review only for plain error. *Bobb*, 577 F.3d at 1371. We "will affirm the district court unless: (1) there was an error in the district court proceedings; (2) the error was plain; and (3) the error affected the defendant's substantial rights." *Id.* If those conditions are met, we may exercise our discretion to vacate the conviction "if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Even under that tough standard, Phillips's double jeopardy challenge survives. The Fifth Amendment's Double Jeopardy Clause guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. That means that the federal government cannot punish someone more than once for the same offense. *Bobb*, 577 F.3d at 1371. So when "one act is a lesser included offense of the other," a defendant generally cannot be punished for both—at least when the two offenses arise out of the same incident. *Id.*

Count II and Count III of Phillips's indictment charged him, respectively, with knowingly receiving and attempting to receive material containing child

12

pornography and with knowingly possessing and attempting to possess material containing child pornography. This Circuit has already held that possessing child pornography is a lesser-included offense of receiving it. *Id.* at 1374–75. So if Phillips's convictions for both crimes arose out of the same incident, it was error to punish him for both. *Id.* at 1375.

Answering that question is easy; indeed, the government itself concedes that it was error to convict Phillips under both counts here. Both offenses involved the same conduct from the same day, so punishing Phillips for both violated the Double Jeopardy Clause. Moreover, this error seriously affected the fairness of the district court's proceedings; a second conviction for the same crime "has potential adverse collateral consequences" that we may not ignore. *Ball v. United States*, 470 U.S. 856, 865 (1985). When a defendant has been improperly convicted for the same offense under two different counts, "the only remedy" available is for the court "to exercise its discretion" and "vacate one of the underlying convictions." *Bobb*, 577 F.3d at 1372 (quoting *Ball*, 470 U.S. at 864). Because the second conviction was an impermissible punishment, we vacate Phillips's conviction on Count III for knowingly possessing child pornography.

\*     \*     \*

Neither § 2251(a) nor the indictment required the government to prove that Phillips knew N.M.'s age in order to convict on Count I. Because the jury instruction was both a correct statement of the law and a correct statement of the charge, the district court did not constructively amend his indictment. But it was error to convict Phillips of both possession and receipt of child pornography; a

13

defendant cannot be punished twice for the same crime.  We therefore **AFFIRM**

Phillips's convictions on Count I and Count II, **VACATE** his conviction on Count

III, and **REMAND** to the district court for resentencing.