[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14172

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HAKIM AMAL ARCHIBLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cr-00410-TWT-CCB-1

_____

Before LUCK, BRASHER, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Hakim Amal Archible appeals his convictions and total sentence of 105 months' imprisonment for retaliating against a federal judge or federal law enforcement officer by false claim, in violation of 18 U.S.C. § 1521, and attempting to interfere with the administration of Internal Revenue laws, in violation of 26 U.S.C. § 7212(a) and 18 U.S.C. § 2.  First, Archible argues that the district court plainly erred when it allowed Judge Brian Amero to testify under Rule 404(b) of the Federal Rules of Evidence.  Second, he argues that the district court erred when it gave the jury an "attempt" instruction.  Third, he argues that the evidence was insufficient to convict him on all counts.  Finally, he argues that the district court violated his Fifth Amendment right by improperly increasing his sentence because he asserted his innocence during allocution at his sentencing hearing.  After reading the parties' briefs and reviewing the record, we discern no district court error and affirm Archible's convictions and total sentence.

## I.

"We review the district court's ruling on the admission of evidence for an abuse of discretion." *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000).  However, where the defendant fails to object to or challenge the admission of certain evidence at trial, but raises a challenge to it on appeal, we review for plain

error only. *See United States v. Smith*, 459 F.3d 1276, 1295 (11th Cir. 2006).

To establish plain error, the appellant must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). An error is "plain" if controlling precedent from the Supreme Court or our court establishes that an error occurred. *Id.* The relevant time for assessing whether an error was plain is at the time of appellate consideration. *Id.* For an error to affect substantial rights, it must have been prejudicial, *i.e.*, it must have affected the outcome of the district court proceedings. *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993). If a defendant satisfies the first three prongs of the plain error test, we have the authority to correct the plain error, but we are not required to do so. *Id.* at 735-36, 113 S. Ct. at 1778.

Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove a defendants' character to show conformity therewith. Fed. R. Evid. 404(b). Such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Thus, evidence of uncharged criminal activities generally is considered inadmissible extrinsic evidence under Rule 404(b). *Id.* However, such evidence is admissible if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to

complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998).

Rule 404(b) permits the admission of prior bad acts evidence to show motive, preparation, knowledge, and intent, as well as an ongoing scheme or plan. *See United States v. Lehder-Rivas*, 955 F.2d 1510, 1515-16 (11th Cir. 1992) (noting that "[e]vidence of criminal activity other than the charged offense is admissible for purposes of Rule 404(b) if it [] pertains to the chain of events explaining the context, motive and set-up of the crime and is linked in time and circumstances with the charged crime"). To establish the relevance of other crimes' evidence offered as proof of intent, "it must be determined that the extrinsic offense requires the same intent as the charged offense." *United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001) (quotation marks omitted).

Evidence is relevant if it has any tendency to make a material fact more or less probable. Fed. R. Evid. 401. However, a district court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010) (quotation marks omitted). Additionally, the risk of unfair prejudice can be reduced by an appropriate limiting instruction. *See United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005).

Moreover, credibility determinations are left to the jury. *United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009). We will not disregard them unless the testimony is unbelievable on its face or incredible as a matter of law, meaning it contains facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature. *Id.*

The record indicates that Archible cannot establish that the district court plainly erred when it admitted Judge Amero's testimony because Judge Amero's testimony was relevant, and its probative value was not substantially outweighed by its prejudicial effect. The record demonstrates that Archible cross-examined Judge Amero at trial, the district court instructed the jury that it had to determine the credibility of each witness and gave a limiting instruction on the use of Rule 404(b) evidence, and the jury determined Judge Amero's credibility. Accordingly, Archible is not entitled to relief on this issue.

## II.

Where the defendant challenges the instructions as read, we review the legal correctness of the instructions *de novo*, but we defer to the district court on questions of phrasing absent an abuse of discretion. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000). We will not reverse a conviction provided that the jury charge, in its entirety, precisely reflects the law and facts and presents issues of law accurately. *Id.* Finally, we presume that jurors follow the instructions given by the district court. *United States v. Almanzar*, 634 F.3d 1214, 1222 (11th Cir. 2011).

In *Phillips*, we held that the federal government cannot punish an individual more than once for the same offense when (1) one act is a lesser-included offense of the other, and (2) both offenses arise out of the same incident. *United States v. Phillips*, 4 F.4th 1171, 1178 (11th Cir. 2021). There, the defendant was "improperly convicted and sentenced for both a crime and a lesser-included crime based on the same set of facts." *Id.* at 1173-74. We held that, because "[b]oth offenses involved the same conduct from the same day," punishing the defendant for both violated the Double Jeopardy Clause. *Id.* at 1178. Our present case is distinguishable from *Phillips*.

The record indicates that Archible's claim that the district court violated his rights pursuant to the Double Jeopardy Clause fails because his conduct arose out of three separate Uniform Commercial Code financing statements that were filed against different people in at least two of the counts, filed on different days, and asserted different false claims of debt against government officials. The jury did not convict him twice on each count, so his double jeopardy argument fails. Further, the district court did not err when it gave the jury an "attempt" instruction because the jury was sufficiently informed that it had to unanimously find Archible guilty of one of the means of committing the offense: either by filing, attempting to file, or conspiring to file a false lien against a government official on account of the official's performance of his duties. Hence, Archible is not entitled to relief on this claim.

## III.

Ordinarily, we review the sufficiency of the evidence to support a conviction *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. *United States v. Ignasiak*, 667 F.3d 1217, 1227 (11th Cir. 2012). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990).

However, "where a defendant does not move for acquittal or otherwise preserve an argument regarding the sufficiency of the evidence in the court below," he has a heavier burden, and we will only reverse a conviction when it is necessary to prevent a manifest miscarriage of justice. *United States v. Fries*, 725 F.3d 1286, 1291 (11th Cir. 2013). A defendant preserves a sufficiency-of-the-evidence claim when he moves for acquittal at the close of the government's case and renews the motion for judgment of acquittal at the close of the evidence. *See United States v. Bichsel,* 156 F.3d 1148, 1150 (11th Cir. 1998). Likewise, the "defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).

> It is a crime to file, attempt to file, or conspire to file in any public record or in any private record which is generally available to the public, any false lien or

> encumbrance against the real or personal property of
> an individual described in section 1114, on account of
> the performance of official duties by that individual,
> knowing or having reason to know that such lien or
> encumbrance is false or contains any materially false,
> fictitious, or fraudulent statement or representation .
> . . .

18 U.S.C. § 1521. We recently held that the statutory purpose of § 1521 "is to criminalize the act of filing or attempting to file a false lien or encumbrance against the real or personal property of a federal officer or employee because of something he did as part of his official duties, i.e., on account of the performance of official duties." *United States v. Pate*, 43 F.4th 1268, 1275 (11th Cir. 2022) (quotation marks omitted).

In *Pate*, we upheld the conviction under § 1521 where the defendant filed false liens against the Commissioner of the Internal Revenue Service ("IRS") and the U.S. Treasury Secretary. *Id.* at 1269. However, it was undisputed that the defendant filed the liens and that they were filed in retaliation for acts that the Commissioner of the IRS and U.S. Treasury Secretary performed as part of their official duties. *Id.* There, we reasoned that § 1521 "unambiguously covers both current and former officers and employees of the United States." *Id.* at 1276.

> It is a crime when an individual corruptly or by force
> or threats of force (including any threatening letter or
> communication) endeavors to intimidate or impede
> any officer or employee of the United States acting in

an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title . . . .

26 U.S.C. § 7212(a).  We have held that, to be convicted under § 7212, "the defendant must do something more than interfere with routine, day-to-day work carried out in the ordinary course by the IRS, such as the review of tax returns." *United States v. Graham*, 981 F.3d 1254, 1259 (11th Cir. 2020) (quotation marks omitted).  The defendant has to take a "targeted administrative action" against the IRS. *Id.*

Viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, the record demonstrates that the government presented sufficient evidence at trial to sustain Archible's convictions under § 1521 and § 7212.  The government presented testimony establishing that the liens were UCC financing statements and were public records.  Additionally, the government presented evidence that the UCC financing statements were publicly accessible lien notices and that Koskinen and Lew were listed as debtors on the UCC documents.  The government also presented evidence that Archible received a tax penalty letter before he filed the statements against Koskinen in November 2014.  Finally, the government presented evidence that Archible signed the UCC documents, and it called Koskinen and Lew to testify that the liens

were materially false. Thus, the record shows that the government presented sufficient evidence to support Archible's convictions under 18 U.S.C. § 1521 and § 7212. Accordingly, Archible is not entitled to relief on this claim.

## IV.

Typically, we must review a sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Generally, when a party fails to make specific objections at sentencing after being given an opportunity to do so by the district court, challenges to the sentence on appeal will be reviewed for plain error only. *Ramirez-Flores*, 743 F.3d at 821. To preserve an objection, a defendant "must raise that point in such clear and simple language that the trial court may not misunderstand it." *Id.* (quotation marks omitted). A defendant does not preserve an issue for appeal if the factual predicates of the objection "are included in the sentencing record, but were presented to the sentencing court under a different legal theory." *Id.* (quotation marks and alteration omitted).

When it sentences a defendant, the district court must treat the Guidelines as advisory, must consider the § 3553(a) factors, may not select a sentence based on clearly erroneous facts, and must adequately explain the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2). *See* 18 U.S.C. § 3553(a)(2). In addition, the court must consider: (1) "the nature and circumstances of the

offense and the history and characteristics of the defendant;" (2) "the kinds of sentences available;" (3) the guideline sentencing range; (4) "any pertinent policy statement[s];" (5) "the need to avoid unwarranted sentence disparities among defendants with similar records" who have been convicted of similar conduct; and (6) "the need to provide restitution to any victims." *Id.* § 3553(a)(1), (3)-(7).

We have explained that § 3553(a)(1), the nature and characteristics of the offense and the defendant, is intended to distinguish among defendants who commit a particular offense or type of offense. *United States v. Irey*, 612 F.3d 1160, 1202 (11th Cir. 2010) (*en banc*). District courts are permitted to consider a wide range of conduct as it relates to this factor, *see* 18 U.S.C. § 3661, even considering that the defendant failed to accept responsibility for his actions, failed to show remorse, and would likely be a recidivist if released. *See United States v. King*, 751 F.3d 1268, 1281 (11th Cir. 2014). Moreover, a court's consideration of a defendant's lack of remorse does not implicate the defendant's Fifth Amendment right against self-incrimination. *United States v. Stanley*, 739 F.3d 633, 652-53 (11th Cir. 2014).

The record demonstrates that the district court did not plainly err when it imposed Archible's sentence because it was permitted to consider his statements during allocution, along with the § 3553 factors, which it did. Archible maintained his innocence at the sentencing, did not express remorse for his crimes and stated that he was the victim. Therefore, the district court did not err

when it found that Archible's "profound lack of acceptance of responsibility" warranted a higher sentence than the government requested, but one still within the Guideline range. Further, this court's precedent forecloses Archible's argument that the district court's consideration of his lack of remorse violated his Fifth Amendment rights. *See Stanley*, 739 F.3d at 652-53. For the foregoing reasons, we affirm Archible's convictions and total sentence.

**AFFIRMED.**