[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13516

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAQUAN EMAHL GRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cr-00053-CAR-CHW-3

_____

Before WILSON, GRANT, and LAGOA, Circuit Judges.

GRANT, Circuit Judge:

Raquan Emahl Gray was convicted of conspiracy to commit a controlled-substances offense after helping transport a car full of drugs to a state prison in the middle of the night. Gray says his conviction cannot stand because the government failed to prove that he knowingly possessed "a Schedule II controlled substance," methamphetamine specifically, rather than a controlled substance generally. This assertion is incorrect—our precedent requires only that the government prove general knowledge to obtain a controlled-substances conviction. Because it did so here, we affirm Gray's conviction.

## I.

It was the middle of the night. Two men drove to Raquan Emahl Gray's house in Columbus, Georgia with a bag of marijuana in the trunk. Gray got in the backseat of the car with a black bag in hand and directed the group to drive to Macon State Prison.

When an officer pulled the car over for a traffic stop and instructed Gray and his companions to exit the car, Gray began to panic. He immediately told the officer in an unprompted statement that he knew "nothing about anything in the vehicle." He was, by his account, merely catching a ride to visit one of his friends in Americus, Georgia. Smelling marijuana from the car, the officer called for backup. Responding officers searched the car, where they found a black bag and three packages wrapped in black electrical tape in the backseat where Gray had been sitting. In these three packages, they found smaller softball-size packages, each of

which contained marijuana. The trunk revealed a clear bag with yet another set of packages inside, these wrapped in duct tape. When officers examined the contents of the bags, they found 50 cell phones, multiple cell phone chargers, 19 bags of tobacco, 19 lighters, methamphetamine, 150 pills of ecstasy, and marijuana. The officers arrested all three of the car's occupants.

Gray continued to deny any involvement in transporting the drugs, but his story about visiting a friend in Americus fell apart as the investigation continued. One of his coconspirators told police that Gray had navigated the car to Macon State Prison—not Americus. And even Gray admitted he had never asked the driver to take him to Americus. Though Gray claimed he was planning to stay with his friend for a few days, he did not pack a change of clothes or even toiletries. Gray later offered an address for his "friend in Americus," but the person who lived there said he did not know Gray or the alleged friend.

Gray, along with the two other men in the car, was indicted for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(A), and § 846. The indictment stated that they conspired to "knowingly possess with the intent to distribute, a Schedule II controlled substance, to wit: 50 grams or more of methamphetamine; all in violation of Title 21, United States Code, Section 846 in connection with Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii)."

The case proceeded to trial.  After the government rested its case, Gray moved for judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing that there was not enough evidence to convict him.  The district court denied the motion. The defense presented its case and at the close of all the evidence, Gray did not renew his motion.  The case went to the jury.

During deliberations, the jury submitted a note to the court: "Hes [sic] guilty for the conspiracy but not for the meth.  Were [sic] hung up on the meth part."  The court clarified the law:

> The Government is required to prove beyond a reasonable doubt that the Defendant knew that the unlawful purpose of the plan was distribution of a controlled substance.  The Government is not required to prove that the Defendant knew the substance was methamphetamine.  The government need only prove that it was methamphetamine.

The jury convicted less than twenty minutes later.  Two weeks after that, Gray renewed his Rule 29 motion for judgment of acquittal, claiming that the district court had "constructively amended the indictment by giving an additional charge to the jury during deliberations."  He said the indictment charged a methamphetamine offense, but the court had broadened the indictment when it responded to the jury's note.  He added that there was insufficient evidence to support a conviction for methamphetamine distribution.  The district court again denied Gray's Rule 29 motion, this time because he had not renewed it at

the close of the evidence.  The court also held in the alternative that the evidence was sufficient to support the conviction.

Gray appeals the district court's denial of his renewed motion for judgment of acquittal on three grounds.  *First*, he says the district court's jury instruction was per se reversible error because the government had failed to show that he knew the substance in the car was methamphetamine specifically, or at least that it was a Schedule II controlled substance.[1]  *Second*, he claims this failure left the government with insufficient evidence to convict.  And *third*, he says the district court erred when it decided that he had failed to preserve his motion for acquittal.

## II.

We review de novo a claim that a district court's jury instruction misstated the law or misled the jury.  *United States v. Baston*, 818 F.3d 651, 660 (11th Cir. 2016).  An instruction that "broadens the possible bases for conviction beyond what is contained in the indictment" is a constructive amendment and "constitutes reversible error per se."  *United States v. Seher*, 562 F.3d 1344, 1363 (11th Cir. 2009) (alteration adopted) (quotation omitted); *United States v. Behety*, 32 F.3d 503, 508 (11th Cir. 1994).  We also review de novo both the denial of a motion for judgment acquittal and a challenge to the sufficiency of the evidence,

---

[1] The Controlled Substances Act classifies prohibited drugs into different schedules based on legislative findings about a drug's potential for abuse, accepted medical use, and accepted safety.  21 U.S.C. § 812(a), (b).  A drug's specified schedule may also change the applicable penalty under § 841(b).

"drawing all reasonable inferences in the government's favor." *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005) (quotation omitted).

## III.

We first address Gray's contention that it was not enough for the government to prove that he knew he possessed, generally speaking, a controlled substance.  He rests his argument on the wording of his indictment.  According to Gray, the fact that it refers to "a Schedule II controlled substance, to wit: 50 grams or more of methamphetamine" means that the government charged him not with knowing possession of *any* controlled substance, but with knowing possession of *methamphetamine* in particular—or at least with knowing that he possessed a controlled substance on the Schedule II list.  So by instructing the jury that the government need only show knowledge of any controlled substance, Gray says, the district court amended the indictment and committed a per se reversible error.

We have already addressed and rejected Gray's argument in *United States v. Colston*—and we do so again here.  4 F.4th 1179 (11th Cir. 2021).  There, just as here, the indictment charged a defendant with violations of § 841(a)(1), § 846, and § 841(b), and it specifically named the drug involved (cocaine rather than methamphetamine).  *Id.* at 1185.  And there, just as here, the defendant challenged the sufficiency of the evidence, claiming that the government was required to prove her knowledge of the particular drug listed in her indictment but failed to do so.  *Id.* at 1186.

But as we explained in *Colston*, § 841(a)(1), § 846, and § 841(b) do not require the government to prove a defendant's knowledge of a specific drug. "Section 841(a)(1) makes it unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, *a controlled substance*," and § 846 makes it a crime to conspire to violate § 841(a)(1). *Id.* at 1187 (alteration adopted) (quotation omitted). For both, the same state of mind is necessary: "the defendant must knowingly possess, and intend to distribute, a controlled substance, but need not know which substance it is." *Id.* at 1187–88. Section 841(b), on the other hand, provides the possible penalties for a § 841(a)(1) violation "based on only the type and quantity of drug 'involved,' not on what the defendant knew." *Id.* at 1188. So it has no mens rea requirement at all. *Id.* That, we said, was why the indictment needed to list the type of substance—by both name and schedule. *See id.*

*Colston* thus confirmed that an indictment listing a specific substance simply establishes the type of drug the government must prove at sentencing; it does not change the general knowledge element for § 846 and § 841(a)(1). That approach tracks our instruction that indictments must be read "as a whole" and given a "common sense construction" based on "practical, not technical, considerations—including the elements of the statutory offense." *United States v. Phillips*, 4 F.4th 1171, 1176 (11th Cir. 2021) (quotations omitted).

In explaining our holding in *Colston*, we specifically rejected our contrary decision in *United States v. Narog*, which had said that because the indictment in that case named a specific type of drug, the government needed to prove the defendant's knowledge of that particular drug to the jury. 372 F.3d 1243, 1246, 1249 (11th Cir. 2004); *see Colston*, 4 F.4th at 1188–89. *Narog* and "its demand for a hyper-technical parsing of every indictment," we emphasized, departed from longstanding precedent and thus was "not good law." *Colston*, 4 F.4th at 1188–89; *see United States v. Gomez*, 905 F.2d 1513, 1514 (11th Cir. 1990).

Gray tries to escape *Colston*'s reach, and our rejection of *Narog*, by relying on another of our decisions, *United States v. Achey*, 943 F.3d 909 (11th Cir. 2019). We cannot see why. To start, *Achey* ultimately held that the indictment in that case did *not* require the government to establish the defendant's knowledge of the specific drug. *Id.* at 913. And its discussion and analysis of that issue responded to *Narog*'s incorrect guidance—which we firmly rejected in *Colston*. *Id.* at 914–15, 914 n.6; *Colston*, 4 F.4th at 1188–89.[2]

In short, Gray's indictment for violating 21 U.S.C. § 841(a)(1) and § 846 required the government to prove only that he knew he possessed a controlled substance, not that he knew he possessed a certain controlled substance. The fact that the indictment named a specific substance does not change this general-knowledge

---

[2] Gray also relies on *United States v. Sanders*, 668 F.3d 1298 (11th Cir. 2012), but his reliance on this case fails for the same reason his *Achey* arguments fail.

requirement. Nor does the "Schedule II" notation. All that listing methamphetamine did, then, was provide an element of an enhanced penalty under § 841(b)—which does not carry a knowledge requirement. The district court did not err when it instructed the jury that the government need only prove that Gray knew he possessed a controlled substance.

For this reason, we also reject Gray's sufficiency challenge, which his counsel correctly conceded depends entirely on his argument that general knowledge was not enough.

## IV.

Gray's only remaining argument is that the district court erred when it denied his Rule 29 motion for judgment of acquittal because he did not timely renew that motion at the conclusion of the evidence. He is correct that Federal Rule of Criminal Procedure 29(c) allows a renewed motion both after the jury's discharge or within fourteen days after a guilty verdict, whichever is later. So Gray's motion, renewed on the fourteenth day after his guilty verdict, was timely.

But not all errors warrant reversal. *Weaver v. Massachusetts*, 582 U.S. 286, 294 (2017). Errors that "do not affect the substantial rights of the parties" are considered harmless. 28 U.S.C. § 2111; *see also Stansell v. Revolutionary Armed Forces of Colom.*, 45 F.4th 1340, 1349 (11th Cir. 2022). Just so here. On top of denying Gray's Rule 29 motion for untimeliness, the district court held in the alternative that sufficient evidence sustained his conviction. As we already explained, we agree. So the district court's error in rejecting Gray's

motion as untimely did not matter—his argument would have failed on the merits anyway.

★    ★    ★

Because there was sufficient evidence for the jury to find that Gray knew he possessed a controlled substance, we **AFFIRM** his conviction.